MAIN, Judge,
dissenting.
I respectfully dissent from the per cu-riam opinion affirming Edsel Welch’s conviction and sentence. Rather than affirm, I would remand the case for the trial court to conduct further proceedings on Welch’s Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), claim.
Initially, I agree with the majority that Welch failed to provide a complete record on appeal. Although the voir dire examination of the potential jurors and the actual striking of the jury was transcribed and included in the record on appeal, the record does not contain the master jury list, and the strikes were articulated by number, rather than by the juror’s names. As the majority correctly notes, this Court will not presume or find reversible error from a silent record. See Frazier v. State, 758 So.2d 577 (Ala.Crim.App.1999).
However, based on my review of the record, I do not agree with the majority’s characterization of the record before this Court as “silent” so as to apply the above doctrine to the Batson issue before us. Yes, Welch failed to provide a complete record on appeal. Even so, I believe that the record before this Court is sufficient to allow this Court to rule on the issue. The transcript of the voir dire proceedings indicates the individual names of the 30 prospective jurors and indicates that 1 indi *1282 vidual was absent. Thus, 29 prospective jurors were present for voir dire examination. The State had nine strikes, with the last strike serving as the alternate, and Welch had eight strikes. The State used two of its strikes to strike the only two African-American veniremembers, who were both female, leaving no African-Americans on Welch’s jury. During jury selection, Welch’s counsel made its Batson motion and the following exchange occurred:
“[DEFENSE COUNSEL]: In accordance with Batson v. Kentucky, 476 U.S. 79 [ (1986) ], the State has used its peremptory strikes in a manner to which all black members from the venire were struck, which were two black females; one being [E.A.], the second being [R.BJ. My client is an African-American male. This is not a jury that would be a set of his peers since the State choose to strike every single one of the African-Americans that were seated on this jury pool.
“THE COURT: [Prosecutor], can you articulate a race-neutral reason?
“[PROSECUTOR]: Yes, sir, I can. Your Honor, there were six members of the venire that said they were on an arson case last week. That was a case that they found guilty of a lesser included misdemeanor. And I struck every single one of those persons from the jury, the venire, some being white, some being black.
“THE COURT: What was the number of black jurors?
“[PROSECUTOR]: There were six total, and the two black members of the venire were on that jury.
“THE COURT: Both of them?
“[PROSECUTOR]: Yes, sir.
“THE COURT: Batson challenge denied. Let’s bring the jury in.
“[DEFENSE COUNSEL]: Judge, may I set the record straight? That’s an incorrect statement, because number 20 is a white male [sic] who also indicated, [D.K.], that she was on that jury and that person was left on this jury venire.
“Third, I would make the objection again. [E.A.] did not state that she was on the arson, and she is a black female, also. So, Judge, I’m making that objection. Those are incorrect statements.
“[PROSECUTOR]: Judge, from my notes I did not have number 20, but I had — I can tell you the numbers that I have that said they were on the arson case.
“THE COURT: Challenge denied. Bring the jury in.
“[DEFENSE COUNSEL]: Judge, we preserve our objections.”
(R. 28-30.)
Based on the record before this Court, it is undisputed by the State, and seems clear from the face of the record, that there were only two African-American veniremembers and that the State struck both of those veniremembers. It also seems clear from the face of the record, and is undisputed by the State, that a white veniremember served on the jury who fit the criteria offered by the State as the basis for striking the two African-American veniremembers. Therefore, I believe that the record before this Court is sufficient to warrant further review of the issue.
The majority further provides, as an alternative holding:
“The Alabama Supreme Court in Ex parte Brown, 686 So.2d 409 (Ala.1996), recognized that the State’s failure to remove a white prospective juror similarly situated to a removed black prospective juror based on the prosecutor’s mistaken belief that the white prospec *1283 tive juror was an engineer does not violate Batson. As this Court stated in Lewis v. State, 24 So.3d 480 (Ala.Crim.App.2006):
“ ‘The prosecutor stated that juror number 57 was struck because he had a prior misdemeanor conviction for writing a bad check. However, the prosecutor did not strike juror number 16 — a white female — despite the fact that she also had a prior misdemeanor conviction for writing a bad check. Thus, we must consider whether the prosecutor engaged in disparate treatment of these two veniremembers. As previously noted, striking a prospective juror based upon a prior conviction or previous criminal history is a race-neutral reason. However, this Court has made it clear that the failure to strike both white and African-American venire-members because of prior criminal records constitutes evidence of disparate treatment. See Yancey v. State, 813 So.2d at 7; Powell v. State, 548 So.2d 590 (Ala.Crim.App.1988), aff'd, 548 So.2d 605 (Ala.1989).’
“Here, the prosecutor explained that he failed to strike juror number 16 because he was unaware of her previous misdemeanor conviction. Had he known of juror number 16’s criminal record, the prosecutor stated, he would have stricken her as well. The Alabama Supreme Court discussed a similar situation in Ex parte Brown, 686 So.2d 409, 420 (Ala.1996), cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997). The court noted:
“ ‘A prosecutor can strike based on a mistaken belief, see Taylor v. State, 666 So.2d 36, 42 (Ala.Cr.App.1994); therefore, it is logical that a prosecutor may also decide, based on a mistaken belief, not to strike a venire-member. Because the discrepancy in the way these two jurors were treated was adequately explained, we conclude that the strike of Juror 19 was race-neutral.’
“Accord Fletcher v. State, 703 So.2d 432, 436 (Ala.Crim.App.1997); cf. McNair v. Campbell, 416 F.3d 1291, 1311 (11th Cir.2005), cert. denied sub nom., McNair v. Allen, 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006) (‘Although the prosecutor’s reason for striking McAllister was based on a belief that ultimately proved incorrect, this does not establish by clear and convincing evidence that the state court’s finding of fact was erroneous.’).
“The trial court found credible the prosecutor’s assertion that he had relied on a jury-information sheet that did not reflect juror number 16’s bad-check conviction. (State’s Exhibit 3, Supp. C. 31.) In light of the fact that a number of convictions from Houston County have been reversed as a result of Batson violations, the trial court was certainly aware of the potential for abuse and, further, was in the best position to weigh the credibility of the prosecutor’s assertion that he was unaware of juror number 16’s bad-check conviction. State’s Exhibit 3 certainly lends credence to the trial court’s finding. Additionally, the State argues, and the record indicates, that the prosecutor also struck prospective juror W.C., a white female, who, like juror number 57, had a bad-check conviction. This also suggests that the prosecutor struck prospective white jurors based on misdemeanor bad-check convictions and that he failed to strike juror number 16 because he was unaware of the full extent of her criminal history.
“24 So.3d at 501-02.
“In this case, the circuit court believed that the State’s failure to remove the *1284 white prospective juror was based on the prosecutor’s mistaken belief. We afford that ruling great deference because the circuit court knew the prosecutor and was able to directly access the prosecutor’s demeanor when responding to Welch’s assertions of bias. See Hernandez v. New York, 500 U.S. 352, 365 (1991). There is no reason to go behind the circuit court’s ruling in this case. Accordingly, Welch is due no relief on this claim.”
Welch v. State, 63 So.3d 1275, 1280-81 (Ala.Crim.App.2010).
I agree that, for the reasons explained in Ex parte Brown, 686 So.2d 409 (Ala.1996), and Lewis v. State, 24 So.3d 480 (Ala.Crim.App.2006), the State’s failure to remove a prospective juror based on the prosecutor’s mistaken belief does not violate Bat-son. However, I do not agree with the majority that, based on the record before this Court, this Court can make a determination as to the propriety of affirming the circuit court’s ruling on this basis.
Here, as the above-quoted excerpt from the record indicates, the prosecutor offered race-neutral reasons for the strike, 1.e., that the prosecution had struck all prospective jurors who had served on a jury the previous week, including both of the black veniremembers. Defense counsel argued that the prosecutor’s stated reason was factually incorrect.[2] The prosecutor then began to offer a response to defense counsel’s assertions, stating: “Judge, from my notes I did not have number 20, but I had — I can tell you the numbers that I have that said they were ón the arson ease.” (R. 30) The trial court simply responded that the challenge was denied and called for the jury to be brought back in.
Based on the record presently before this Court, I cannot say that the judgment of the trial court is due to be reversed. The State did begin to articulate a reason that has been held in previous cases to be race-neutral, i.e., that the prosecutor based the strikes or failed to strike as the result of a mistaken belief. The majority may indeed be correct in its conclusion that the trial court believed that the complained-of strikes or lack thereof was based on the prosecutor’s mistaken belief. However, I do not believe that we are in a position to reach that conclusion at this time. Rather, I believe that the State should be given an opportunity to finish articulating the explanation it began to give regarding its notes about which jurors had served on the previous jury.[3] Then the defense should be given an opportunity to attempt to offer evidence indicating that the State’s reasons are a sham or a pretext. At that point, the trial court should rule on the Batson motion. Then this Court will have an adequate record to address the claim on appeal. Until then, I believe that, based on the record presently before this Court, the majority’s decision to affirm Welch’s conviction is premature. For these reasons, I respectfully dissent.
WELCH, J., concurs.

. Defense counsel's argument is supported by the veniremembers’ responses during voir dire, which are contained in the record and was not refuted by the State at trial or on appeal.

. Because of the timing of the trial court’s overruling of defense counsel’s Batson challenge, I do not believe that a remand would give the State a second chance to do what it should have already done. This would not be the proverbial second bite at the apple; rather, it would merely allow the State to finish taking the first bite.